IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.

| | |
|---|---|
| LETITA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| CCS COMMERCIAL L.L.C., ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff Letita Miller for her Complaint against Defendant CCS Commercial L.L.C. alleging and saying as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction of this matter under 28 U.S.C. § 1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1397.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Western District of North Carolina.

**PARTIES**

4. Plaintiff Letita Miller (hereinafter "Plaintiff") is a citizen and resident of Mecklenburg County, North Carolina and is not an infant, incompetent, nor in the military service of the United States.

1

5. Defendant CCS Commercial, L.L.C. (hereinafter "Defendant") is a corporation organized and existing under and by virtue of the laws the State of Delaware with a principal place of business in Newton, Massachusetts. Defendant is regularly engaged in the business of collecting debt in the State of North Carolina and is registered to do so with the North Carolina Department of Insurance.

## FACTUAL ALLEGATIONS

6. The allegations contained in Paragraphs 1 – 5 of this Complaint are hereby reincorporated by reference as if fully restated herein.

7. Plaintiff allegedly incurred a financial obligation (hereinafter the "Alleged Debt") to an original creditor (hereinafter the "Creditor").

8. The Alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Alleged Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Alleged Debt.

10. Defendant attempted to collect the Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11. On or about February 26, 2014, February 28, 2014, and April 2, 2014, Defendant placed calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. Plaintiff answered each of these calls and talked with an employee, representative, or agent of Defendant. On each of these occasions, Defendant's employee, representative, or agent failed to disclose that the phone call was from a debt collector.

12. During the initial oral communication on February 26, 2014, Defendant's employee, representative, or agent failed to state that he or she was attempting to collect a debt and that the information obtained would be used for that purpose.

13. During each of the answered phone calls, Defendant's employee, representative, or agent informed Plaintiff that he or she could not explain the purpose of the call, or his or her employer, until Plaintiff provided her name, address, and the last 4 digits of her social security number. Plaintiff explained on each occasion that she was not comfortable providing the last 4 digits of her social security number, and that she did not wish to be called any further.

14. Despite knowing that Plaintiff was not comfortable providing the last 4 digits of her social security number, Defendant continued to call her and request her to provide such information without properly identifying itself or explaining the purpose of the call.

15. Plaintiff received additional calls from Defendant which she did not answer on March 13, 2014, March 20, 2014, and April 1, 2014.

16. At one point, an employee or representative of Defendant contacted the call center for Plaintiff's employer, TIAA-CREF, and falsely indicated that he or she was a client of Plaintiff's.

17. On April 2, 2014, after Plaintiff again refused to provide the last 4 digits of her social security number, Defendant's employee, representative, or agent terminated the call but then called back 5 minutes later and hung up on Plaintiff.

18. As a result of these harassing telephone calls, Plaintiff has experienced fear, anxiety, stress, anger, and frustration.

## FIRST CAUSE OF ACTION
(Violation of Federal Fair Debt Collection Practices Act)

19. The allegations contained in Paragraphs 1 – 18 of this Complaint are hereby reincorporated by reference as if fully restated herein.

20. Defendant is a "debt collector," as defined by the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

21. Plaintiff is a "consumer," as defined by the FDCPA, 15 U.S.C. § 1692a(3).

22. The Alleged Debt is a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. Defendant has attempted to collect debt in violation of 15 U.S.C. § 1692(e)(11), in that it failed to disclose in its initial oral communication with Plaintiff that it was attempting to collect a debt and that any information obtained would be used for that purpose.

24. Defendant has attempted to collect debt in violation of 15 U.S.C. § 1692e(11), in that it has failed to disclose in each of its telephone calls to Plaintiff that it is a debt collector.

25. Defendant has attempted to collect debt in violation of 15 U.S.C. § 1692d, in that Plaintiff told Defendant on multiple occasions she would not provide the last 4 digits of her social security number, and Defendant continued to place harassing calls asking for such information and refusing to discuss the purpose of its call until she did so.

26. As a result of aforesaid Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4

Case 3:14-cv-00173-GCM   Document 1   Filed 04/11/14   Page 4 of 6

# FIRST CAUSE OF ACTION
(Violation of Chapter 58, Article 70, North Carolina General Statutes)

27. The allegations contained in Paragraphs 1 – 26 of this Complaint are hereby reincorporated by reference as if fully restated herein.

28. Defendant is a "collection agency," as that term is defined by N.C.G.S. § 58-70-115.

29. Plaintiff is a "consumer," as that term is defined by N.C.G.S. § 58-70-90.

30. The Alleged Debt is a "debt," as that term is defined by N.C.G.S. § 58-70-90.

31. Defendant has attempted to collect debt in violation of N.C.G.S. § 58-70-110(2), in that it failed to disclose in its initial oral communication with Plaintiff that it was attempting to collect a debt and that any information obtained would be used for that purpose.

32. Defendant has attempted to collect debt in violation of N.C.G.S. § 58-70-110(2), in that it has failed to disclose in each of its telephone calls to Plaintiff that it is a debt collector.

33. Defendant has attempted to collect debt in violation of N.C.G.S. § 58-70-100, in that Plaintiff told Defendant on multiple occasions she would not provide the last 4 digits of her social security number, and Defendant continued to place harassing calls asking for such information and refusing to discuss the purpose of its call until she did so.

34. As a result of Defendant's unlawful attempts to collect the purported debt, Plaintiff has sustained actual damages, including, but not limited to, emotional distress, and is entitled to actual and statutory damages for each week Defendant's violations took place, as well as her reasonable attorneys' fees.

WHEREFORE, Plaintiff prays the Court for judgment as set forth below:

**As to Count 1:**

1. That Plaintiff have and recover actual and statutory damages;

2. That Plaintiff recover her reasonable attorneys' fees incurred in this matter;

5

Case 3:14-cv-00173-GCM   Document 1   Filed 04/11/14   Page 5 of 6

3. That the costs of this action be taxed to Defendant;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

**As to Count 2:**

1. That Plaintiff have and recover actual and statutory damages;

2. That Plaintiff recover her reasonable attorneys' fees incurred in this matter;

3. That the costs of this action be taxed to Defendant;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 11th day of April, 2014.

**MAGINNIS LAW, PLLC**
*Attorneys for Plaintiff Letita Miller*


BY: /s Edward Maginnis
EDWARD H. MAGINNIS
N.C. State Bar No. 39317
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919.526.0450
Fax: 919.882.8763
emaginnis@maginnislaw.com