IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. NO. 3:14-cv-00173-GCM

LETITA MILLER,

    Plaintiff,

vs.

CCS COMMERCIAL, L.L.C.,

    Defendant

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### MATTER BEFORE THE COURT FOR RULING

The matter before the Court for ruling is the Defendant Credit Control Services, Inc. dba Credit Credit Collection Service's (misdesignated in the complaint as being CCS Commercial, L.L.C. and hereinafter "CCS") Motion to Compel Discovery from Plaintiff Letita Miller ("Plaintiff").

### PROCEDURAL POSTURE/FACTS RELEVANT TO THIS MOTION

On August 4, 2014, CCS served Plaintiff through its counsel of record with its First Set of Interrogatories, First Requests for Admissions, and First Requests for Production of Documents. (Certification of Enloe, ¶ 2). The parties informally

agreed to a thirty (30) day extension of time to respond to CCS' discovery through and including October 6, 2014.

On October 6, 2014, plaintiff served its responses to the requests for admissions, but did not respond to the interrogatories or the requests for production of documents. After prompting plaintiff for responses via email on October 9, 2014, CCS agreed to allow plaintiff until October 20, 2014 to respond to the interrogatories and requests for production of documents. (Cert., ¶¶ 5-6). On October 27, 2014, in an effort to resolve any discovery disputes, CCS through counsel sent a formal letter to plaintiff's counsel as to the overdue status of plaintiff's responses to interrogatories and requests for production of documents and requested that responses be received by October 31, 2014. (Cert., ¶ 7). To date, Plaintiff has not provided defendant with responses to its Interrogatories or Requests for Production of Documents. (Cert., ¶ 8).

## L.R. 37.1 CERTIFICATION

As set forth above, CCS' counsel has sent a Rule 37 letter to Plaintiff's counsel both by regular mail and by email and received no response. Accordingly, CCS certifies that it has complied with Rule 37(a).

# ARGUMENT

## I. LEGAL STANDARD

Where a party fails to answer an interrogatory or respond to a request for production of documents, the party seeking discovery may move for an order compelling an answer and production. Fed. R. Civ. P. 37(a)(3)(B). Rule 37 also provides that

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

### A. Rule 33 Requires A Signature Of The Party Responding To Interrogatories.

Rule 33 provides that the party responding to the discovery must sign and serve its answers within thirty (30) days or a shorter or longer time if stipulated to. Fed. R. Civ. P. 33. CCS served its Interrogatories on the plaintiff through counsel on August 4, 2014. Despite defendant's efforts to allow plaintiff additional time to respond, plaintiff remains unresponsive. The interrogatories served by CCS were within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff has failed to respond to CCS' Interrogatories and CCS requests that the Court order him to do so.

### B. Rule 34 Requires Production Of Documents.

Rule 34 provides that a party must produce documents responsive to a document request, absent a proper objection. Fed. R. Civ. P. 34. To date, Plaintiff has not responded to the requests for production or produced a single document. Accordingly, CCS requests that the Court order Plaintiff to produce all relevant documents and respond to each and every request for production which was served.

### C. CCS Is Entitled To Its Attorney Fees

Rule 37 also provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court <u>must</u> require the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In this matter, it is clear that CCS has provided Plaintiff with opportunities to respond. As Plaintiff has failed to do so, CCS requests that the Court order Plaintiff to pay its fees incurred in making this motion. CCS further requests that it be allowed to submit its fees, subsequent to the Court ruling on this motion.

### CONCLUSION

In light of the foregoing, it is clear that Plaintiff has failed to respond to discovery and abide by the Federal Rules of Civil Procedure. Accordingly, CCS

requests that the Court grant its motion to compel discovery and require that Plaintiff pay its costs in bringing this motion.

This the 4th day of November, 2014.

/s/ Caren D. Enloe
Caren D. Enloe
of MORRIS MANNING & MARTIN, LLP
*Counsel for Defendant*
N.C.S.B. #17394
Post Office Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
cenloe@mmmlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served this document in the above entitled action upon all other parties by depositing a copy of this document in first class mail, postage prepaid addressed as follows:

Edward H. Maginnis
Maginnis Law, PLLC
4801 Glenwood Avenue, Suite 310
Raleigh NC 27612


This the 4th day of November, 2014.


                                      /s/ Caren D. Enloe
                                      Caren D. Enloe
                                        of MORRIS MANNING & MARTIN, LLP
                                        N.C.S.B. #17394
                                        Post Office Box 12768
                                        Research Triangle Park, NC 27709
                                        Telephone: (919)806-2969
                                        cenloe@mmmlaw.com